**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN -8 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VIKAS SINGLA | Criminal Indictment<br><br>No. 1:21CR0228 |

THE GRAND JURY CHARGES THAT:

### Introduction

1. At all times relevant to this Indictment:

    a. Gwinnett Medical Center was a not-for-profit health care network that provided health care services at two hospitals, located in Lawrenceville and Duluth, Georgia, in the Northern District of Georgia.

    b. Gwinnett Medical Center's Lawrenceville hospital was located at 1000 Medical Center Boulevard, Lawrenceville, Georgia.

    c. Gwinnett Medical Center's Duluth hospital was located at 3620 Howell Ferry Road, Duluth, Georgia.

    d. The defendant, VIKAS SINGLA, was employed by and ran a network security company that offered services for the healthcare industry. SINGLA was the chief operating officer of the company.

## Count One
### (Intentional Damage to a Protected Computer)

2. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraph 1 of this Indictment as if fully set forth here.

3. On or about September 27, 2018, in the Northern District of Georgia and elsewhere, the defendant, VIKAS SINGLA, aided and abetted by others unknown to the Grand Jury, knowingly caused and attempted to cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused and attempted to cause damage without authorization to a protected computer—that is, one or more computers used by Gwinnett Medical Center that operated the Duluth, Georgia hospital's Ascom phone system—and the offense caused and would, if completed, have caused:

    a. loss to Gwinnett Medical Center during the one-year period from SINGLA's course of conduct affecting protected computers aggregating at least $5,000 in value;

    b. the modification, impairment, and potential modification and impairment of the medical examination, diagnosis, treatment and care of one or more individuals; and

    c. damage affecting at least 10 protected computers during a one-year period;

all in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (b), and (c)(4)(B) and Section 2.

## Counts Two through Seventeen
### (Intentional Damage to a Protected Computer)

4. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraph 1 of this Indictment as if fully set forth here.

5. On or about September 27, 2018, in the Northern District of Georgia and elsewhere, as specified in the following table, the defendant, VIKAS SINGLA, aided and abetted by others unknown to the Grand Jury, knowingly caused and attempted to cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused and attempted to cause damage without authorization to a protected computer — that is, one or more computers used by Gwinnett Medical Center in the Duluth and Lawrenceville, Georgia hospitals that operated the printers identified in the following table — and the offense caused and would, if completed, have caused:

   a. loss to Gwinnett Medical Center during the one-year period from SINGLA's course of conduct affecting protected computers aggregating at least $5,000 in value; and

   b. the modification, impairment, and potential modification and impairment of the medical examination, diagnosis, treatment and care of one or more individuals:

| Count | Protected Computer |
|---|---|
| 2 | The Lexmark MS811 printer identified as LJ8011 using Internet Protocol ("IP") address 10.64.88.69. |

3

| Count | Protected Computer |
|---|---|
| 3 | The Lexmark MX811 printer identified as LJ8029 using IP address 10.64.88.63. |
| 4 | The Lexmark MS511dhe printer identified as LJ7002 using IP address 10.65.136.57. |
| 5 | The Lexmark MS812 printer identified as LJ7034 using IP address 10.65.136.27. |
| 6 | The Lexmark MX811 printer identified as LJ7887 using IP address 10.65.216.76. |
| 7 | The Lexmark MS610dn printer identified as LJ7022 using IP address 10.65.216.50. |
| 8 | The Lexmark MX710 printer identified as LJ7029 using IP address 10.65.208.58. |
| 9 | The Lexmark MS610dn printer identified as PDLSP02 using IP address 10.80.32.39. |
| 10 | The Lexmark MX310dn printer identified as PLDLPH01 using IP address 10.80.16.43. |
| 11 | The Lexmark MS415dn printer identified as LJ7767 using IP address 10.81.24.40. |
| 12 | The Lexmark MX812 printer identified as LJ7738 using IP address 10.81.24.7. |
| 13 | The Lexmark CS510de printer identified as LJ7786 using IP address 10.80.48.47. |
| 14 | The Lexmark MX511dhe printer identified as LJ8387 using IP address 10.80.56.55. |
| 15 | The Lexmark MX310dn printer identified as LJ7797 using IP address 10.80.16.184. |
| 16 | The Lexmark MS312dn printer identified as PDL2RR02 using IP address 10.80.32.95. |
| 17 | The Lexmark MS312dn printer identified as PDL2RR01 using IP address 10.80.32.61. |

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (b), and (c)(4)(B) and Section 2.

## Count Eighteen
## (Obtaining Information by Computer
## from a Protected Computer)

6. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraph 1 of this Indictment as if fully set forth here.

7. On or about September 27, 2018, in the Northern District of Georgia and elsewhere, the defendant, VIKAS SINGLA, aided and abetted by others unknown to the Grand Jury, intentionally accessed and attempted to access a computer without authorization and exceeded and attempted to exceed authorized access to a computer, and thereby obtained and attempted to obtain information from a protected computer, that is, a Hologic R2 Digitizer used by Gwinnett Medical Center in the Lawrenceville, Georgia hospital, and the offense was committed for purposes of commercial advantage and private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (b), (c)(2)(B)(i), and Section 2.

## Forfeiture

8. Upon conviction of an offense alleged in this Indictment, the defendant, VIKAS SINGLA, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), the defendant's interest in any and all personal property that was used or intended to be used to commit or to facilitate the commission of such violations, as well as any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said violations.  Such property includes, but is not limited to, a money judgment for a sum of money in United States currency equal to the amount of proceeds the defendant obtained as a result of the offenses for which the defendant is convicted.

9. If, as a result of any act or omission of the defendant, VIKAS SINGLA, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____TRUE_____ BILL

_____
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285

BRIAN MUND
*Trial Attorney*
*Computer Crime and Intellectual Property Section*
*U.S. Department of Justice, Criminal Division*

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303

7