**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
      **PLEA AND**
            **SENTENCE**



Time in Court: _____ Hrs __47__ Min

Filed in Open Court:     Date: __06/10/2021__ Time: __2:35 pm__ Tape: __FTR GOLD__

Magistrate (presiding): **LINDA T. WALKER**            Deputy Clerk: **Sonya Coggins**

| | |
|---|---|
| Case Number:   1:21-CR-228-MLB | Defendant's Name:   Vikas Singla |
| AUSA:   Samir Kaushal | Defendant's Attorney:   David Chaiken |
| USPO/PTR:   Ashley Watson | Type Counsel: (X ) Retained  ( ) CJA  ( ) FPD  ( ) Waived |

_____ ARREST DATE: _____

_____ INTERPRETER: _____

__X__ INITIAL APPEARANCE HEARING.  (X ) In THIS DISTRICT      Dft in custody?  (X ) Yes     ( ) No

__X__ Defendant advised of right to counsel.   ( ) WAIVER OF COUNSEL filed.

_____ ORDER appointing Federal Defender Program as counsel.  ( ) INITIAL APPEARANCE ONLY.

_____ ORDER appointing _____ as counsel.

_____ ORDER giving defendant _____ days to employ counsel (cc: served by Mag CRD)

_____ Dft to pay attorney fees as follows: _____

_____ INFORMATION/COMPLAINT filed.           WAIVER OF INDICTMENT filed.

__X__ Copy **indictment**/information given to dft? (X ) Yes   ( ) No     Read to dft? ( ) Yes   ( ) No   (X ) Prior to Hrg

_____ CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed.

__X__ ARRAIGNMENT HELD.( ) Superseding indictment / information     (  ) Dft's WAIVER of appearance filed.

_____ Arraignment continued to _____ at _____ Request of ( ) Govt     ( ) Dft

_____ Dft failed to appear for arraignment.      Bench warrant issued _____

_____ Dft enters PLEA OF NOT GUILTY.  ( ) Dft stood mute; plea of NOT GUILTY entered.  ( ) Waiver of appearance.

_____ MOTION TO CHANGE PLEA, and order allowing same.

__X__ ASSIGNED TO JUDGE   MICHAEL L. BROWN   for (X ) trial   ( ) arraignment/sentence.

__X__ ASSIGNED TO MAGISTRATE   Regina Cannon   for pretrial proceedings.

__X__ Estimated trial time: _____ days.     ( ) SHORT     (X ) MEDIUM   ( ) LONG

_____ PRE-SENTENCE INVESTIGATION filed.  Referred to USPO for PSI and continued until _____ at _____ for sentencing.

ARRAIGNMENT - Pg. 2

Case No.:     1:21-CR-228-MLB
Defendant:   Vikas Singla

_____  Government MOTION FOR DETENTION filed.  Hearing set for _____ at _____

_____  Temporary commitment issued.

**BOND/PRETRIAL DETENTION HEARING**

_____  BOND / PRETRIAL DETENTION hearing held.

_____  Government MOTION FOR DETENTION ( ) GRANTED   ( ) DENIED   ( ) WITHDRAWN

_____  WRITTEN ORDER TO FOLLOW.

_____  HEARING HELD on motion for reduction / modification of bond.

_____  Motion for reduction / modification of Bond   ( ) GRANTED     ( ) DENIED.

_____  WRITTEN ORDER TO FOLLOW.

__X__  BOND SET at   20,000.00 _____

__X__  Non-surety

_____  Surety  ( ) Cash     ( ) Property     ( ) Corporate surety ONLY

_____  SPECIAL CONDITIONS: _____

_____

_____

__X__  Bond filed; defendant released.

_____  Bond NOT EXECUTED.    Defendant to remain in Marshal's custody.

**WITNESSES:**   _____

_____

_____

_____

ARRAIGNMENT - Pg. 2

Case No.:   1:21-CR-228-MLB
Defendant:   Vikas Singla

**MISC:**          **<u>MAGISTRATE JUDGE'S ORDER</u>**

Pursuant to the Due Process Protections Act, the Court confirms the United States'
obligation to disclose to the defendant all exculpatory evidence- that is, evidence that
favors the defendant or casts doubt on the United States' case, as required by *Brady*
v. *Maryland,* 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to
do so. The government has a duty to disclose any evidence that goes to negating the
defendant's guilt, the credibility of a witness, or that would reduce a potential
sentence. The defendant is entitled to this information without a request. Failure to
disclose exculpatory evidence in a timely manner may result in consequences,
including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal
of charges, contempt proceedings, disciplinary action, or sanctions by

X          the Court.

_____

_____

_____

_____