IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                  Case No. 1:21-cr-228-MLB

Vikas Singla,

        Defendant.

_____/

**OPINION & ORDER**

The Court sustains the United States's objections to Magistrate Judge Regina D. Cannon's Report and Recommendation (Dkt. 53), rejects the Magistrate Judge's recommendation that the Court grant Defendant Vikas Singla's motion to dismiss the indictment (Dkt. 51), and denies that motion (Dkt. 29).

**I.   Background**

The United States obtained an indictment against Defendant Singla, charging him with eighteen violations of the Computer Fraud and Abuse Act of 1986 ("CFAA"). The charges involve his alleged attack on computers at the Duluth and Lawrenceville campuses of the Gwinnett

Medical Center. (*Id.*) Defendant Singla moved to dismiss (or in the alternative for a bill of particulars) arguing the language of the indictment lacks the specificity required by the Sixth Amendment to the United States Constitution and the Federal Rules of Criminal Procedure. (Dkt. 29.) The Magistrate Judge agreed, concluding the indictment failed to identify adequately the computers Defendant Singla allegedly attacked or how he was not authorized to access one of those computers. (Dkt. 51.) The United States filed objections. (Dkt. 53.) The Court held a hearing and permitted the parties to file additional briefing. (Dkts. 57; 58; 62-2.)

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Under 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections

2

need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." Const. amend. VI. Federal Rule of Criminal Procedure 7 seeks to insure this by requiring that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court has said, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he [or she] must defend, and, second, enables him [or her] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974); *see also United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (holding indictment sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent

prosecutions of the same offense"). So it may not always be enough for the United States simply to quote the statutory language if that language does not adequately inform the defendant of the accusation he or she must defend. In that case, the United States's reference to the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he [or she] is charged." *Hamling*, 124 U.S. at 117-118.

Counts One through Seventeen allege, in part, that Defendant Singla sent (or attempted to send) a code or command to damage a protected computer. Count Eighteen alleges, in part, that he accessed (or attempted to access) a computer without authorization (or that he exceeded his authorization when accessing the computer). The Magistrate Judge identified two alleged deficiencies in these charges. First, she concluded each charge falls below required pleading standards because each fails to identify the precise computer at issue. Second, she concluded Count Eighteen fails to allege adequately the parameters of Defendant Singla's authorization to access the computer involved in that count. (Dkt. 51 at 18.)

This Court disagrees with both conclusions.

## A.   Identification of the Pertinent Computers

Each count of the indictment identifies the specific computer or computers at issue. (Dkt. 53 at 14.) Count One, for example, alleges Defendant Singla "intentionally caused and attempted to cause damage without authorization to a protected computer—that is, one or more computers used by Gwinnett Medical Center that operated the Duluth, Georgia hospital's Ascom phone system." (Dkt. 1 ¶ 3.) The Magistrate Judge ignored this descriptive language in the indictment. Indeed, the Magistrate Judge never mentioned the indictment's reference to the Ascom phone system in her analysis of the indictment language or its sufficiency.

At a hearing on December 15, 2022, the United States confirmed the plain language of the indictment—that the United States claims Defendant Single damaged or tried to damage one or more computers that control the Ascom phone system at the Duluth hospital campus. (Dkt. 62-2 at 13:21-14:2.) The United States added that the computers operating that system includes servers and telephone handsets. (*Id.* at 13:24-14:2; 18:10-19; 25:5-7.)   Defendant Singla acknowledged this

5

understanding, complaining—not that he did not know the computers at issue—but rather than he had not received sufficient discovery to test whether the computers controlling the phone system were protected computers. (*Id.* at 12:18-23.) The United States also presented evidence that, during its discussion with Defendant Singla about the matter during discovery, defense counsel wrote in an email asking the United States to "confirm that the government's theory/evidence on the protected computer issue is that the victim Ascom system identified in the indictment was not a closed system but could make national and international phone calls." (*Id.* 14:12-20; (referencing 27-1).) The email demonstrates Defendant Singla understood the computers at issue in Count One (he referred to the Ascom system) and was asking whether they affected interstate commerce (or were a closed system). Of course, this extraneous evidence cannot be used to supplement the indictment; it stands or falls on its own. But the outside evidence shows that—consistent with the plain reading of the indictment—Defendant Singla knew the computer he was alleged to have attacked in Count One.

Count One includes the elements of the offense charged. Beyond that, it identifies the specific computer or computers Defendant Singla is

alleged to have damaged or tried to have damaged. It tells him the day on which he was alleged to have done that. Defendant Singla has adequate information to defend against the allegation that, on September 27, 2018, he transmitted a program or command to the computers used by the Gwinnett Medical Center to operate the Ascom phone system at the Duluth Hospital. Following the resolution of this case, the indictment allows him to plead double jeopardy to bar any subsequent allegation that, on that day, he sent a program or command to try to damage those computers. The United States has followed the Supreme Court's instructions in *Hamling* as to the detail it must include in Count One. The Court sustains the United States's objection to that finding in the Report and Recommendation.

The same analysis applied to the Magistrate Judge's conclusion that Counts Two through Seventeen fail to identify adequately the computer system at issue. The common allegation for those counts expressly identify the computers at issue for each individual count. It identifies the protected computers at issue as "one or more computers used by Gwinnett Medical Center in the Duluth and Lawrenceville, Georgia hospitals that operate the printers identified in the following

7

table." (Dkt. 1 at ¶ 5.) The table identifies the exact printer—by brand, model, internal identification number, and IP address—at issue for each individual count. (*Id.*) The indictment, for example, identifies the computer at issue in Count Two as "the Lexmark MS811 printer identified as LJ8011 using Internet Protocol ("IP) address 10.64.88.69" and for Count Three as "the Lexmark MX811 printer identified as LJ8029 using Internet Protocol ("IP) address 10.64.88.63." (*Id.*) It includes similar identifying information for the computers at issue in Counts Four through Seventeen. Again, in declaring these counts insufficient, the Magistrate Judge did not even discuss this information or explain what it lacks.

At the December 15 hearing, the United States explained that the indictment's reference to computers at the hospitals "that operate the printers" refers to the computers *inside* each of the printers. (Dkt. 62-2 at 8:6-9.) It is hard to understand what more clarity Defendant could expect beyond the exact brand and model, internal identification number, and IP address for the computers at issue. So, Defendant contends the indictment's reference to "computers that operate printers is "vague and confusing" because it could refer to separate computers that control the

8

printers or computers inside the printers. (Dkt. 57 at 14.) As part of this, Defendant points to the Court's assumption at the start of the hearing that the indictment references stand-alone computers that operated the printers (rather than computers inside the printers). (Dkt. 62-2 at 8:4-5.) Of course, the Court had no discovery in this case or familiarity with the facts beyond the pleadings. So perhaps the Court should not have assumed anything. But, it took the United States only seconds to correct the Court and make it clear the indictment means exactly what it says – computers that control printers because they are inside the printers.

The allegations in Counts Two through Seventeen identify the exact computers Defendant is alleged to have damaged or tried to damage and the day he is alleged to have done so. They allow him to prepare his defense and protect against any subsequent prosecution for the same conduct. They pass constitutional muster, and the Court sustains the United States's objection to the Magistrate Judge's conclusion the indictment fails to identify adequately the computers at issue in these counts.

Again, the same is true of the computer identified in Count Eighteen. The Magistrate Judge concluded the United States did not

adequately identify the computer Defendant Singla tried to access without authorization. But, the indictment specifically identified the computer: "that is, a Hologic R2 Digitizer used by Gwinnett Medical Center in the Lawrenceville, Georgia hospital." (Dkt. 1 at ¶ 5.) As with the other counts, the Magistrate Judge did not even discuss that description in finding the indictment inadequate. For the reasons explained above, the Court similarly sustains the United States's objection to this portion of the Report and Recommendation.

### B.     Identification of Defendant's Access or Lack Thereof

Count Eighteen alleges that, when Defendant Singla accessed or tried to access the Hologic R2 Digitizer, he did so "without authorization and exceeded or attempted to exceed authorized access." (Dkt. 1 at ¶ 5.) The Magistrate Judge found this allegation lacking because it fails to explain the "professional relationship [Defendant Singla] had (if any) with [the victim company], to what extent he had access to [the victim's] internal network, or to what degree he exceeded his authority while

accessing [the victim's] network." (Dkt. 51 at 1.)[1]  The United States says it need not allege any greater detail.  This Court agrees.

The term "authorization" has a simple meaning: "formal permission or approval."  *See* Oxford English Dictionary (3d Edition, June 2014), www.oed.com/view/Entry/13351.  So, the United States is saying (as one alternative) that he had no permission or approval to access the Hologic R2 Digitizer on September 27, 2018.  The language "exceeds authorized access" is defined in the statute as meaning "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).  So the United States is saying (as another alternative) that, if he had permission to access the Hologic R2 Digitizer, he exceeded the scope of his permission by accessing information he had no right to access.  The United States certainly was entitled to plead these two alternatives. *United States v. Howard*, 742 F.3d 1334, 1349 n.3 (11th Cir. 2014) ("Prosecutors can and often do ... charge alternative elements in

---

[1] Unauthorized access is not an element of the offenses charged in Counts One through Seventeen.  So this portion of the Report and Recommendation applies only to Count Eighteen.

11

the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."). And they put Defendant Singla on notice of what he was alleged to have done.

The Magistrate Judge's conclusion the United States must provide details as to Defendant Singla's credentials at the time and how the United States believes he exceeded those credentials impose a burden on the United States beyond the requirements set forth in *Hamling* or by Rule 7.

The Court can find no legal authority requiring this. The Magistrate Judge cites *United States v. Hutchins,* 361 F. Supp. 3d 779 (E.D. Wisc. 2019), in support of her determination. But that case did not consider the adequacy of allegations about a defendant's authorization to access a computer. The court only discussed the pertinent statute when it analyzed the viability of an attempt allegation. It had nothing to do with pleading requirements. Interestingly, the district court in *Hutchins* concluded the indictment (which did not identify the computers as precisely as the indictment here and which included no further explanation of the defendant's authorization) satisfied constitutional pleading standards. *Id.* at 793. A fair reading of *Hutchins* supports this

Court's conclusion the indictment against Defendant Singla satisfies all applicable pleading standards.

The Magistrate Judge also cites *Van Buren v. United States,* 141 S.Ct. 1648 (2021). In *Van Buren*, the Supreme Court concluded a person does not "exceeds authorized access" under 18 U.S.C. § 1030 when he or she accesses a computer (or portion of a computer system) to which he or she has access but does so for an "improper purpose." That determination has nothing to do with pleading requirements and does not support the Magistrate Judge's conclusion. If anything, the opinion limits and further defines the conduct prohibited by the statute. It provides Defendant Singla further guidance about what he is alleged to have done—accessed the Hologic R2 Digitizer on September 27, 2018 when he had no authority to do so or accessed information he had no right to access. The Court sustains the United States's objection to this portion of the Report and Recommendation.

### C.  Issues Not Yet Before the Court

During the December 15 hearing and in his subsequent briefing, Defendant Singla has raised a panoply of other arguments against the indictment. Defendant Singla contends, for example, the reference to the

13

Ascom system in Count One is a problem because the indictment seeks to add increased enhancements as a result of the loss inflicted and the need for the loss to arise from damage to computers "other than the one that is the basis for the underlying charge." (Dkt. 57 at 8.) He somehow claims this presents a double jeopardy issue. He cites no authority for this contention and his argument is hard to understand. The United States seeks enhanced punishments because of the number of computers he tried to damage (or damaged), the loss he inflicted on the victim, and his efforts to impair medical diagnosis or treatment. (Dkt. 1 ¶ 3.) The law allows that. *See* 18 U.S.C. §§ 1030(c)(4)(a)(i)(VI) and (c)(4)(B). He also argues each count in the indictment must be dismissed because each one alleges both an attempt offense and a completed offense, suggesting there could be some discrepancy between the computers he damaged and those he tried to damage. (Dkt. 57 at 9-11.) Again this argument is difficult to understand and he cites no legal authority in support.

He also argues the "revelation" by the United States at the December 15 hearing that Count One involves all of the computers operating the Ascom system at the hospital poses a double jeopardy question because perhaps the grand jury returned its indictment based

14

on a different understanding of the computer system at issue. (Dkt. 57 at 6.) But, there was no "revelation" at the December 15 hearing. The United States merely stated what the indictment states—Defendant Singla is alleged in Count One to have damaged or tried to damage one or more computers that operated the Ascom system at the Duluth facility on September 27, 2018. It appears Defendant Singla is, for the first time, raising a variance argument. "A variance occurs when the evidence at trial establishes facts materially different from those alleged in the indictment. *United States v. Lander,* 668 F.3d 1289, 1295 (11th Cir. 2012). The time for making that determination is at the close of the trial. *Id.* (variance requires reversal of conviction if "the proof at trial differed so greatly from the charges that appellant was unfairly surprised and was unable to prepare an adequate defense"). Defendant is not there. And there is no realistic reason to suspect a variance will occur, particularity in regards to the computers at issue in Count One. The United States has stated clearly the computers at issue and will be held to that allegation at trial. Defendant Singla is not entitled to an assumption the United States is not being honest with the Court or is covering up a different presentation to the grand jury.

Defendant Singla raised a similar variance argument about Counts Two through Seventeen during the December 15 hearing. Based on the discrepancy between the Court's uninformed reading of the indictment (to mean computers controlling printers) and the United States's informed explanation (to mean the computers in the specific printers), Defendant Singla argued that he "thinks there's an issue as to whether or not the grand jury understood what they were doing when these charges were presented to the grand jury in the first place." (Dkt. 62-2 at 9:8-10.) That is pure conjecture. That Defendant Singla can come up with some other interpretations of the indictment language (or that the Court assumed wrong) provides no evidence the grand jury misunderstood the indictment language or failed to understand the United States's reference to computers inside the printers when it returned the indictment.

At the hearing, the Court raised another issue on its own—whether Counts One through Seventeen must more fully describe how Defendant Singla caused or tried to cause the transmission of a program, code or command to the computers at issue in each count. (*Id.* at 28:13-16.) That was not part of the Magistrate Judge's Report and Recommendation. The

16

parties addressed the issue briefly in post-hearing filings. (Dkts. 57 at 16-17; 58 at 9-11.) But the issue has not been fully presented by the parties to this Court or the Magistrate Judge.

The Court doubts that any of these criticisms have merit for the reasons stated. But they might. They are not, however, before the Court now, and the Court refuses to expand the scope of its review to consider arguments that are not fully developed. The issue presented by the Magistrate Judge's Report and Recommendation was whether the indictment must be dismissed because it fails to adequately identify the computers at issue or the basis for the allegation Defendant Singla accessed the Hologic R2 Digitizer without authorization or exceeded the scope of his authorization. The Court sustains the United States's objections and overrules the Magistrate Judge's Recommendation on those issues. If Defendant Singla believes his lingering arguments have merit, he may pursue them in a separate avenue.

## IV. Conclusion

The Court **SUSTAINS** the United States's Objections (Dkt. 53), **REJECTS** the Magistrate Judge's Report and Recommendation (Dkt. 51), and **DENIES** Defendant Singla's Motions to Dismiss (Dkt. 29).

When the Magistrate Judge entered her Report & Recommendation, she denied as moot several other motions filed By Defendant Singla. (Docket Order dated November 28, 2022.) She indicated that, if the Court declines to adopt her Report and Recommendation, Defendant Singla would have twenty-one days to refile those motions. The Court expands that time to thirty days from the date of this Order. During that same time, Defendant Singla may file any other pretrial motions he believes necessary (including to raise any of the issues this Court discussed above but declined to consider as not properly raised). The Court **DECERTIFIES** this case as ready for trial and refers it back to Magistrate Judge Cannon for consideration of any subsequent pretrial motions. The Court **SETS** a status conference for March 14, 2023, at 4:00 p.m., to take place before the Honorable Michael L. Brown, in Courtroom 1906, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

    **SO ORDERED** this 28th day of February, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE